IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff and Counterclaim Defendant, )<br>)<br>v. )<br>)<br>GORDON UPTON and )<br>ALEXANDRA ROLLINS UPTON, )<br>)<br>Defendants and Counterclaim Plaintiffs. ) | Civil No. 04-10999-MEL |

<u>UNITED STATES' MOTION TO DISMISS COUNTERCLAIM</u>

The United States, by its undersigned counsel, moves to dismiss defendants' counterclaims on the grounds that the counterclaim fails to state any claims upon which relief can be granted, are barred by the sovereign immunity of the United States and that the district court is without subject matter jurisdiction. A supporting memorandum is filed herewith. Counsel for the United States contacted counsel for the defendants in this matter pursuant to Local Rule 7.1 but was unable to resolve the issues.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                                  )<br>    Plaintiff and Counterclaim Defendant, )<br>                                                                  )<br>    v.                                                        )<br>                                                                  )<br>GORDON UPTON and                         )<br>ALEXANDRA ROLLINS UPTON,        )<br>                                                                  )<br>    Defendants and Counterclaim Plaintiffs. ) | Civil No. 04-10999-MEL |

<u>UNITED STATES' MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS COUNTERCLAIM</u>

The United States submits this memorandum in support of its motion to dismiss defendants' counterclaim. The United States asserts as follows:

BACKGROUND

On or about May 18, 2004, the United States filed suit against Gordon and Alexandra Rollins Upton seeking return of an erroneous refund issued to the Uptons for the 1991 tax year. The Uptons answered the complaint, and filed counterclaims against the United States, seeking refund of "at least $17,481.81, plus interest," (count one), damages under 26 U.S.C. § 7433 for actions taken by the Internal Revenue Service (count two), and damages under unspecified provisions of the Constitution and the United States Code (count three). Each of these counts must be dismissed as they fail to state a claim upon which relief can be granted, the United States has not waived its sovereign immunity, and the district court is without subject matter jurisdiction.

<u>Count One</u>

Defendants seek a refund of "at least $17,481.81, plus interest." <u>See</u> Counterclaim, ¶ 17. Defendants fail to establish the jurisdiction of this court over the refund action. The jurisdictional requirements for bringing a refund suit in district court against the United States are enunciated in sections 7422 and 6511 of the Internal Revenue Code. Only by complying with the statutory requirements regarding the filing of a claim for refund of purportedly overpaid taxes can a taxpayer invoke the waiver of governmental sovereign immunity. Without compliance with the statutory requirements, sovereign immunity remains intact and mandates that the refund action must be dismissed.[1]

Section 7422 unequivocally requires the filing of a valid claim for a refund with the Internal Revenue Service before a taxpayer may proceed with a suit in federal district court. <u>See</u> 26 U.S.C. § 7422(a). Section 6511(a), as applicable here, provides that a claim for refund must be filed within three years from the date the return is filed or 2 years from the time the tax was paid, whichever is later. <u>See</u> 26 U.S.C. § 6511(a). These requirements must be satisfied before jurisdiction is proper in district court. <u>See</u> <u>Dalm</u>,

---

[1] Under settled principles of sovereign immunity, "the United States, as a sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." <u>United States v. Dalm</u>, 494 U.S. 596, 608 (1990) *quoting* <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976). The waiver of the federal government's immunity to suit must be strictly construed and unequivocally expressed, and cannot be implied. <u>See</u> <u>United States v. King</u>, 395 U.S. 1, 4 (1969); <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The effect of this doctrine is to allow suit against the United States only through consents established by Congress. <u>See</u> <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160 (1981).

494 U.S. at 609-10; see also Little People's School, Inc. v. United States, 842 F.2d 570 (1st Cir. 1988); Firsdon v. United States, 95 F.3d 444, 446 (6th Cir. 1996), cert. denied, 519 U.S. 1115 (1997); Vintella v. United States, 931 F.2d 1444, 1445 (11th Cir. 1991); Longiotti v. United States, 819 F.2d 65 (4th Cir. 1987), cert. denied, 484 U.S. 985 (1987). Defendants have not established compliance with these jurisdictional prerequisites, and defendants' refund claim must be dismissed.

## Count Two

Defendants also seek damages against the United States pursuant to 26 U.S.C. § 7433. Defendant makes no reference, however, to specific activities by the Internal Revenue Service which might give rise to a Section 7433 claim, or the dates on which these events are alleged to have occurred.

Section 7433(d)(1) of the Internal Revenue Code waives the immunity of the United States to suit for certain alleged violations of the Internal Revenue Code and the supporting Treasury Regulations only upon the condition that all administrative remedies be exhausted before any complaint may be brought pursuant to this section.[2] See 26 U.S.C. § 7433(d)(1) ("[a] judgment for damages shall not be awarded under [§ 7433(b)] unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]"). Section 7433(d)(3) further requires that the

---

[2] A taxpayer exhausts his or her administrative remedies by filing a written administrative claim with "the district director ... of the district in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1).

action be brought within "two years after the date the right of action accrues." These requirements are jurisdictional. See, e.g., Fishburn v. Brown, 125 F.3d 979, 982 (6th Cir.1997); Porter v. Fox, 99 F.3d 271, 274 (8th Cir.1996); Venen v. United States, 38 F.3d 100, 103 (3rd Cir. 1994); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993); Conforte v. United States, 979 F.2d 1375, 1379 (9th Cir. 1992); Burge v. IRS, No. 94-1063, 1994 WL 596586 (10th Cir. Nov. 1, 1994) (unpublished). There is no suggestion that the defendants have complied with these requirements, and there is no reference to satisfaction of these jurisdictional prerequisites in the counterclaim. This failure deprives this court of jurisdiction over count two of the counterclaim.

Count Three

In count three of their counterclaim, defendants state "Counterclaim Defendant United States of America is liable under the laws and Constitution of the United States to the Uptons in such amount as the Court determines." Complaint, ¶ 21. Again, the defendants utterly fail to establish a waiver of the government's sovereign immunity with this allegation.[3] They point to no specific facts supporting their claim, nor do they establish a specific statutory or constitutional provision which provides a waiver of immunity and jurisdiction over Count III. We are aware of no statutory provision which would provide defendants-counterclaimants the relief they seek here; furthermore, even assuming that the United States had violated some provision of the Constitution of the United States,

---

[3] See footnote 1, *supra*.

such violation would not give rise to a cause of action against the United States for money damages.  See F.D.I.C. v. Meyer, 510 U.S. 471, 473-75 (1994).  Finally, the specific exemption for claims arising with respect to the assessment or collection of taxes found in 28 U.S.C. § 2680(c) precludes any action under the Federal Tort Claims Act.  See McMillen v. United States, 960 F.2d 187, 188 (1st Cir. 1991).

CONCLUSION

The defendants have not established a waiver of the government's sovereign immunity with respect to counts one, two, and three of the defendants' counterclaim, and thus the counterclaim must be dismissed as it fails to state a claim upon which relief can be granted and the district court is without subject matter jurisdiction.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

     /s/ Lydia Bottome Turanchik
    LYDIA BOTTOME TURANCHIK
    Trial Attorney, Tax Division
    U.S. Department of Justice
    Post Office Box 55
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone: (202) 307-6560

Certificate of Service

It is hereby certified that a true copy of the above document was served on counsel of record by First Class Mail on September 1st, 2004.  This document may also be accessed via the Court's electronic filing system.

 /s/ Lydia Bottome Turanchik
Lydia Bottome Turanchik

Service List

Peter W. KortKamp
52 Babcock Street, #2
Brookline, Masschusetts 02446