UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| United States of America, )<br>)<br>Plaintiff and, )<br>Counterclaim )<br>Defendant )<br>v. )<br>)<br>Gordon Upton and )<br>Alexandra Rollins Upton, )<br>)<br>Defendants and )<br>Counterclaim )<br>Plaintiffs. )<br>) | CIVIL ACTION<br>NO. 04-10999 MEL |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS AND COUNTERCLAIM PLAINTIFFS'
OPPOSITION TO UNITED STATES' MOTION TO DISMISS COUNTERCLAIM**

Defendants and Counterclaim Plaintiffs Gordon Upton and Alexandra Rollins Upton ("the Uptons") submit the following Memorandum of Law in Support of Defendants and Counterclaim Plaintiff's Opposition to United States' Motion to Dismiss Counterclaim.

**Facts**

By Complaint filed with this Court May 18, 2004 Plaintiff and Counterclaim Defendant United States of America (the "United States") sued the Uptons for the return of an allegedly erroneous income tax refund the United States, through its agency the Internal Revenue Service (the "Service"), previously had issued. The amount of the alleged erroneous refund was $11,504.95. The refund was issued on account of the

Uptons' 1991 tax year. The Uptons served their Answer and Counterclaim (the "Counterclaim") on July 2, 2004

The Uptons have filed a disclosure request with the Service pursuant to the federal Freedom of Information Act, 5 U.S.C. §§ 552 et seq. The Uptons did so on July 12, 2004 and in so doing have requested all records maintained by the Service concerning their tax years 1991 through 2004. The Uptons directed their disclosure request to the Disclosure Unit of the Service's National Office in Washington, D.C. The Service by letter dated August 24, 2004 rejected the Uptons' FOIA request.[1]

Counsel for the United States has indicated that as part of the Initial Disclosures required in this matter by Fed. R. Civ. P. 26(a) she would provide copies of all documents requested by the Uptons in their disclosure request. The Uptons similarly will be producing documents required as Initial Disclosures under Fed. R. Civ. P. 26(a).

The United States served its Motion To Dismiss (the "Motion") on September 1, 2004.[2]

---

[1] The August 24, 2004 letter of the Service includes the statement that the Uptons' disclosure request was "imperfect" because it lacked an agreement to pay unspecified processing fees. The letter also advises the Uptons that because the National Office of the Service, to which the disclosure request was directed, does not maintain centralized files, the disclosure request should have gone to the various local service centers where the Uptons filed their returns. In this regard, the undersigned counsel for the Uptons specifically was instructed by representatives of the Service in its local Boston office to file the disclosure request with the National Office. Moreover, prior to the August 24th letter, the Service at no time advised the Uptons that a "processing fee" was required, let alone what the amount of it would be. The Uptons are more than happy to pay any reasonable processing fee in connection with their disclosure request and have so advised the Service in writing. The Uptons also have asked the Service, by letter of their attorney dated August 30, 2004, to clarify where the disclosure request should have been sent, as the Uptons over the years moved several times and consequently filed their returns with more than one local IRS District. There has been no response to the Uptons' August 30th letter. The government's current insistence, as expressed in the Motion, on complete disclosure of information is, to say the very least, ironic in view of its response to the Uptons' FOIA request.

[2] The United States in the Motion contends that its counsel "contacted counsel for the defendants pursuant to Local Rule 7.1 but was unable to resolve the issues." Counsel for the

## Discussion

The Uptons, in their Counterclaim, allege that the United States wrongfully has withheld monies due the Uptons on account of refund claims they have filed, that the United States, through its agency the Service, has engaged in unlawful collection activities in violation of 26 U.S.C. § 7433, and that the United States, by virtue of the foregoing, has violated rights secured to the Uptons under the laws of the United States. The Counterclaim is premised on actions of the Service and its agents and employees extending over multiple years. The Counterclaim alleges that the Uptons are owed monies on account of refunds to which they are entitled and, further, that the Uptons have experienced substantial harm on account of various unlawful collection activities by the Service.[3]

The United States in response has moved to dismiss the Counterclaim. The United States maintains that the Counterclaim fails to state a claim upon which relief can be granted, that the Counterclaim is barred by the doctrine of sovereign immunity, and, as a final matter, that the Court is without subject matter jurisdiction. The government has

---

United States did call counsel for the Uptons prior to filing the Motion. There was, however, no discussion of the matters raised by the Motion, counsel for the United States simply informing the Uptons' attorney that she was moving to dismiss. Not having been afforded the opportunity prior to the Motion's filing to discuss the issues raised by the Motion, counsel for the Uptons is at a loss to understand how, as seems to be implied by the Motion, he failed to work toward a resolution of those issues.

[3]    To a large (but not exclusive) extent, the present litigation has its source in the Uptons' 1991 tax year. The Uptons' were audited for 1991 and there ensued a lengthy and complicated series of correspondence and contacts between the Uptons and the Service involving not just 1991, but subsequent tax years as well. This included refund claims by the Uptons, payments to and by the Uptons, and aggressive collection actions by the Service. The nature and specifics of these matters will become evident as the present litigation unfolds.

not indicated the authority under which the Motion is brought, but the Motion appears squarely to fall under Fed. R. Civ. P. 12(b).[4]

The standard of review for Rule 12 motions is a liberal one. Wright & Miller, *Federal Practice and Procedure* (3rd Ed. 2004) ("Wright & Miller") § 1343. Motions under Rule 12 are construed against the moving party, with the allegations of the complaint "accepted as true and all reasonable inferences … drawn in the plaintiff's favor." *Jama v. United States Immigration and Naturalization Service*, 22 F.Supp.2d 353, 361 (D.N.J. 1998) *citing Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991).

Motions under Rule 12 should be granted only where it appears that there is no conceivable circumstance at all under which a plaintiff can plead facts sufficient to establish a cause of action. The weight of authority very clearly is against granting the Motion.

"A complaint should not be dismissed for failure to state a claim *unless it appears beyond doubt* that the plaintiff can prove *no* set of facts in support of his claim[.]" *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957) (emphasis added). "A case should be dismissed [under Rule 12] for lack of subject matter jurisdiction "only under narrow circumstances,"" and "a complaint will be dismissed pursuant to Rule 12(b)(6) "only if it appears that [the plaintiff] can prove no set of facts, consistent with its complaint, that would entitle it to relief."" *Schuloff v. Queens College Foundation*, 994 F.Supp. 425, 426-7 (E.D.N.Y. 1998) *aff'd* 165 F.3d 183 *quoting Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) and *Electronics Communications Corp. v. Toshiba America Consumer Products, Inc.*, 129 F.3d 240, 242-3 (2d. Cir. 1997). *See*

---

[4] Under Fed. R. Civ. P. 12(b) certain defenses, including those to claims made by way of counterclaim, may be made in the form of a motion to dismiss. These include the matters raised

*also Acoustica Associates, Inc. v. Powertron Ultrasonics Corp.*, 28 F.R.D. 16 (E.D.N.Y. 1961) ("drastic" remedy of dismissal under Rule 12 is to be avoided); Wright & Miller § 1349 (motions under Rule 12(b) granted "sparingly").

The modern-day, common-sense focus of the Federal Rules of Civil Procedure underlies this approach. Complex, old-style rules of pleading have long since been abolished and objections to pleadings based on technicalities are now disfavored. Rule 1 provides in this regard that the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 7 in turn provides that "[d]emurrers, pleas and exceptions for insufficiency of a pleading shall not be used" and, further, that "[a]ll pleadings shall be so construed as to do substantial justice." Motions under Rule 12, such as the present one, are descendants of now disfavored common law pleas. Wright & Miller § 1349.

All that is required in a modern complaint (including a counterclaim) in Federal court is that the defendant be put on notice of the claim being asserted against him. Rule 8(a) requires simply that a claim for relief must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends[,]" a "short and plain statement of the claim showing that the pleader is entitled to relief," and a demand for judgment. Nothing further is required -- as provided by Rule 8(f), "[n]o technical forms of pleading or motion are required." "A complaint need only set out a short and plain *generalized* statement of the claim from which the defendant will be able to frame a responsive pleading." Wright & Miller § 1357 (emphasis added). If a complaint (or counterclaim) satisfies these broad principles it plainly should not be dismissed.

---

by the instant Motion.

The Counterclaim self-evidently meets these standards. The Counterclaim's allegations broadly put the Government on notice of the Uptons' claims, namely that the Government improperly has withheld monies due the Uptons and wrongfully has engaged in abusive collection actions. The Counterclaim also plainly contains a demand for judgment. The Counterclaim thus comprises a "short and plain generalized statement" of the Uptons' claims on the basis of which the United States can plead responsively. The Uptons, in other words, have put the United States on notice of valid claims that if proven would render the United States liable. Nothing could be clearer and nothing more is required. Fed. R. Civ. P. 8(a), 8(f). The Unites States' insistence that the Uptons spell out every last detail of their claims is simply wrong. A pleader need not "set out in detail the facts on which he bases his claim." *Acoustica Associates*, 28 F.R.D. at 18 *citing Conley v. Gibson*, 355 U.S. at 47-8.

Even supposing, for argument's sake, that the Counterclaim is other than meticulously pleaded, the Motion still overreaches. Federal Courts passing on Rule 12 motions repeatedly have held against outright dismissal as the correct response to Rule 12 motions. They instead have fashioned remedies to enable the cases before them to proceed to a just conclusion. *Acoustica Associates*, 28 F.R.D. at 18-19.

In keeping with the Supreme Court's admonition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim," *Conley v. Gibson*, 355 U.S. at 45-6, courts faced with motions to dismiss under Rule 12 have directed that the parties should be allowed to conduct discovery at least as to the issues raised in the motion. *See, e.g., Jama v. United States Immigration and Naturalization Service, supra*, 22 F.Supp.2d at

360-61. "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco Vought*, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975). *See also Valentin v. Hospital Bella Vista*, 254 F.3d 358 (1st Cir. 2001) (court has broad authority in deciding motions under Rule 12 to order discovery); *Acoustica Associates, Inc. v. Powertron Ultrasonics Corp.*, 28 F.R.D. at 19 (discovery is preferred to dismissal). Indeed, it has been held an abuse of discretion not to allow cases to proceed on this basis. *Sivoza v. National Institute of Standards and Technology*, 282 F.3d 1320 (10th Cir. 2002). Even when discovery is not directed, dismissal on Rule 12 grounds still remains disfavored – courts have allowed plaintiffs leave to amend pleadings rather than outright dismissing them. *Jama*, 22 F.Supp.2d at 361; *Brooks v. Yawkey*, 200 F.2d 663 (1st Cir. 1953).[5]

*Jama v. United States Immigration and Naturalization Service*, is instructive in this regard. In *Jama* various persons seeking asylum in this country asserted that rights they claimed were guaranteed to them under Federal law had been violated while they were detained pending INS proceedings. The United States moved to dismiss. The Court rejected the government's Rule 12 motion, holding instead that the plaintiffs were entitled to discovery as to the issues raised by the motion. Similarly, in *Sivoza* the Court held that a trial judge erred in refusing to allow discovery at least as to the issues raised by defendant's motion to dismiss. "Although a district court has discretion in the manner by which it resolves an issue of subject matter jurisdiction … a refusal to grant discovery

---

[5] The Federal Rules evince a liberal policy with regard to amendments to pleadings. Under Rule 15(a) pleadings are freely amendable prior to service of responsive pleadings and after responsive pleadings have been served amendments may be made by leave of court, "which leave shall be freely given when justice so requires."

constitutes an abuse of discretion[.]" *Sivoza v. National Institute of Standards and Technology*, 282 F.2d at 1326.

As with the plaintiffs in *Jama* and *Sivoza*, the Uptons' allegations of substantial violations of rights secured to them under Federal law have been met with a challenge to the Court's jurisdiction. Consistent with *Jama* and *Sivoza*, this Court should allow this case to proceed for the purpose of conducting discovery at least as to the issues raised by the Motion. Indeed, the parties are on the verge of conducting discovery anyway – as has been noted, counsel for the United States has agreed to provide the documents requested by the Uptons' disclosure request and the Uptons in turn also will be providing relevant documents under Fed. R. Civ. P. 26(a). These documents, along with other available discovery techniques, may go far toward establishing the existence (or nonexistence) of the matters the United States complains are missing from the Counterclaim.[6]

Even if the Court is reluctant to allow discovery the Court should still refrain from dismissing the Counterclaim. The Court *at a minimum* should allow the Uptons a reasonable time within which to amend the Counterclaim to include the information the United States contends is lacking. *Jama*, 22 F.Supp.2d at 361; *Yawkey*, 200 F.2d at 664. The Court must not simply dismiss the Counterclaim, as to do so would unmistakably be an abuse of discretion. *See Conley v. Gibson, passim*; *Schuloff*, 994 F.Supp. at 427; *Acoustica Associates*, 28 F.R.D. at 18.

In any event, there is no sense in which the government's Motion demonstrates that the Uptons "can prove no set of facts, consistent with its complaint, that would entitle it to relief." *Schuloff v. Queens College Foundation*, 994 F.Supp. at 427. The

Motion simply asserts as a foregone conclusion that the Uptons cannot come forward with facts to meet the jurisdictional prerequisites to the relief the Uptons seek. Accepting as true the allegations of the Uptons' Counterclaim and drawing all reasonable inferences in their favor, *Jama*, 22 F.Supp.2d at 361, this Court cannot find that "it appears beyond doubt that the [Uptons] can prove no set of facts in support of [their] claim." *Conley v. Gibson*, 355 U.S. at 45-6.

As a final matter, considerations of judicial economy argue powerfully against granting the Motion. Dismissals under Rule 12(b) do not go to the merits of a claim and, unless the dismissal is with prejudice, the Uptons would be free to restate their claims in by filing a new complaint. This inevitably will produce the additional expenditure of scarce judicial resources. The Court should prevent this from occurring by now denying the Motion.

---

6   The Uptons have amassed an entire "bankers box" of documents related to the present matter, consisting *inter alia* of correspondence to and from the Service, tax returns, amended returns, refund claims, and notes of telephone conversations with representatives of the Service.

## Conclusion

The Motion should be denied. The Counterclaim satisfies modern standards of pleading and the overwhelming weight of authority is against granting motions of the type now under consideration. The Court should permit the action to go forward at least to the extent of allowing discovery. Alternatively, the Court should grant the Uptons a reasonable time within which to amend the Counterclaim.

Respectfully submitted.

                                        Gordon Upton
                                        Alexandra Rollins Upton
                                        By Their Attorney:

                                        */s/ Peter W. KortKamp*
                                        Peter W. KortKamp
                                        BBO No. 546425
                                        52 Babcock Street, Suite 2
                                        Brookline, MA 02446
Dated:  September 24, 2004              (617) 308-7583