IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff and Counterclaim Defendant, )<br>   )<br>   v.   )<br>   )<br>GORDON UPTON and )<br>ALEXANDRA ROLLINS UPTON, )<br>   )<br>   Defendants and Counterclaim Plaintiffs. ) | Civil No. 04-10999-MEL |

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the United States of America moves for summary judgment upon the grounds that the United States is entitled to judgment as a matter of law as there are no material facts in dispute, and upon annexed Exhibits A - I.  A Rule 56.1 Statement and a Memorandum of Law in Support are submitted with this motion.  Counsel for the United States contacted counsel for the defendants in this matter pursuant to Local Rule 7.1 and informed him of the Government's intention to file this motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Plaintiff and Counterclaim Defendant, ) | |
| ) | |
| v. ) | Civil No. 04-10999-MEL |
| ) | |
| GORDON UPTON and ) | |
| ALEXANDRA ROLLINS UPTON, ) | |
| ) | |
|    Defendants and Counterclaim Plaintiffs. ) | |

<u>UNITED STATES' RULE 56.1 STATEMENT AND MEMORANDUM
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT</u>

The United States submits this memorandum in support of its motion for summary judgment, and asserts as follows:

RULE 56.1 STATEMENT

On or before April 15, 1992, Gordon and Alexandra Upton filed a joint 1991 federal income tax return (Form 1040). <u>See</u> Exhibit A. That return was audited by the Internal Revenue Service, and a Notice of Deficiency was issued on October 24, 1995 primarily on account of the disallowance of deductions claimed on Schedule C. <u>See</u> Exhibit B. On February 14, 1994, Gordon Upton and Alexandra Rollins Upton signed a Form 2848, authorizing Roger Fetter to act as their Power of Attorney for all matters relating to the 1991 federal income tax year. <u>See</u> Exhibit C. Thereafter, on January 24, 1996, Gordon and Alexandra Upton filed a petition with the United States Tax Court challenging the determinations made by the Internal Revenue Service in its Notice of Deficiency. <u>See</u>

Exhibit D.  Both Gordon Upton and Alexandra Rollins Upton signed this petition.  See Exhibit D.  During the pendency of this Tax Court proceeding, the Uptons were represented by Mr. Fetter.

On October 18, 1996, a Stipulated Decision was entered into between the Internal Revenue Service and the taxpayers which fully resolved the 1991 federal income tax liability, resulting in an increase in tax in the amount of $21,942.00 and a penalty in the amount of $4,388.00.  See Exhibit E.  This document contains the purported signatures of both Gordon Upton and Alexandra Rollins Upton.  See Exhibit E.[1]

On February 3, 1997, the Uptons' account was modified to account for this settlement of the 1991 tax year.  Additional tax was assessed in the amount of $21,942.00, penalties were assessed in the amount of $4,388.00, and interest was assessed in the amount of $11,827.90. See Exhibit F.  Thereafter, on June 30, 1997, the Uptons began making payments in the amount of $875.00/month.  See Exhibit F.  Sixteen payments were made in all, and they ceased on February 28, 1998.  See Exhibit F.[2]

On or about April 25, 2000, the Uptons filed an amended federal income tax return (Form 1040X) for the 1991 tax year, see Exhibit G, even though the stipulated Tax Court

---

[1] Alexandra Rollins Upton asserts that she did not sign this document, and that the signature contained therein likely was written by the Uptons' Power of Attorney, Roger Fetter.

[2] Payments were also applied to this account as of April 15, 2000, when the Internal Revenue Service applied an overpayment credit in the amount of $8,830.00 from the 1999 federal income tax year to the 1991 liability; as of April 15, 2001,when an overpayment credit was applied in the amount of $375.22 from the 1998 year, and, as of March 18, 2002, when $4,7943.00 was applied from a 2001 overpayment.  See Exhibit F.

decision had completely resolved any question as to any liabilities for that year. The Form 1040X made the same allegations as those addressed by the Tax Court decision, namely deductions taken on Schedule C of the Uptons' 1991 federal income tax return should have been sustained. See Exhibit G.

As a result of this amended Form 1040X, the Andover Service Center erroneously abated the remaining amount due for the 1991 tax year ($15,298.00), and issued a refund check in the amount of $11,504.95. See Exhibit F. The check was issued on May 24, 2003. See Exhibit H. Upon discovering this error, the Internal Revenue Service issued a Request for Repayment to the Uptons on November 17, 2003, indicating that the refund had been erroneously sent to them. See Exhibit I. The Uptons did not respond.

As a result, on or about May 18, 2004, the United States filed suit against Gordon and Alexandra Rollins Upton seeking return of an erroneous refund issued to the Uptons for the 1991 tax year. As will be established below, the United States is entitled to return of this money as a matter of law, and it seeks judgment accordingly.[3]

ARGUMENT

I. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is to be awarded to a party entitled to judgment as a matter of law. See F.R.C.P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). On such motion, the Court is not to ascertain facts; rather, the Court is only to determine whether there are any material facts

---

[3] The United States has filed a motion to dismiss the Uptons' counterclaim in this matter which remains pending before this Court.

in dispute.  "[T]he motion will not be defeated merely upon some metaphysical doubt concerning the facts or on the basis of conjecture or surmise." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  Rather, the non-movant is obligated to provide concrete evidence establishing the existence of a genuine issue of material fact.  <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986); <u>Cox v. Kentucky Dep't of Transp.</u>, 53 F.3d 146, 150 (6th Cir. 1995).  In the present case, the defendants cannot establish that they were entitled to the refund at issue in this proceeding, and the United States is entitled to summary judgment as a matter of law.

## II. THE UNITED STATES IS ENTITLED TO RETURN OF THE FUNDS ERRONEOUSLY PAID TO THE UPTONS BY THE INTERNAL REVENUE SERVICE

Section 7405(b) of the Internal Revenue Code allows the United States to recover erroneously paid tax refunds.  <u>See</u> <u>Johnson v. United States</u>, 76 Fed. Appx. 873, 875, 2003 WL 22046123 (10th Cir. 2003), *citing* <u>United States v. Wurts</u>, 303 U.S. 414, 415 (1938).  However, in order for the United States to recover an erroneous refund, it must show (1) that a refund was made to the taxpayer; (2) the amount of the refund; (3) the timely commencement of the § 7405(b) recovery action;  and (4) no entitlement by the taxpayer to the refund the United States seeks to recover.  <u>See</u>, <u>e.g.</u>, <u>United States v. Commercial Bank of Peoria</u>, 874 F.2d 1165, 1169-70 (7th Cir. 1989); <u>United States v. Daum</u>, 968 F.Supp. 1037, 1041- 42 (W.D.Pa.1997).

In  this matter, as discussed in the United States' Rule 56.1 Statement, the refund was made to the taxpayers on May 24, 2002, in the amount of $11,504.95.  This action

was commenced on May 18, 2004, within the statutory two year period. The taxpayers do not dispute these facts. Thus, the only dispute in this matter is whether the taxpayers were entitled to the funds that they received from the Internal Revenue Service in May of 2002. The clear answer to this question is no.

This refund issued because of an erroneous abatement of tax made by the Internal Revenue Service pursuant to a Form 1040X filed by the taxpayers in 2000 with respect to the 1991 tax year. The 1991 tax year, however, had been fully adjudicated by a 1996 Tax Court decision, and the filing of the Form 1040X was wholly improper. The assessed tax, penalties, and interest were fully and finally determined by the Tax Court, and the taxpayers had no right to the refund sought through the filing of their amended 1991 income tax return.

Claim preclusion, or res judicata,[4] embodies the fundamental legal precept that, after a judgment is entered, claims which the parties had a full and fair opportunity to litigate must be considered final. See, e.g., Montana v. United States, 440 U.S. 147, 153 (1979); Lawlor v. Nat'l Screen Service Corp., 349 U.S. 322, 326 (1955). This doctrine provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The elements of a res judicata claim under federal law are: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier

---

[4] Claim preclusion is the preferred term for the traditional doctrine of res judicata. See Migra v. Warren City Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

and later suits, and (3) sufficient identicality between the parties in the two actions." Breneman v. United States, ex rel F.A.A., 381 F.3d 33, 38 (1st Cir. 2004); Banco Santander de P.R. v. Lopez-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 16 (1st Cir.2003).

In this matter, there is no question that the parties and the issues are the same. In the prior proceeding, the defendants sought a determination from the Tax Court regarding the disallowance of claimed losses and deductions made by the Internal Revenue Service for the 1991 tax year, the same issues raised by their 1991 Form 1040X. With regard to the first prong of this analysis, courts have consistently held that a stipulated decision by the Tax Court is a judgment on the merits precluding later claims for the same years. See, e.g., Baker v. United States, 74 F.3d 906, 910 (9th Cir. 1996); In re Matter of Teal, 16 F.3d 619 (5th Cir. 1994); United States v. Bryant, 15 F.3d 756, 758 (8th Cir. 1994).

As a result, principles of res judicata/claim preclusion prevented the defendants from attempting to address them in a new proceeding; namely the filing of a claim for refund. See United States v. International Building Co., 345 U.S. 502, 506 (1953); Commissioner of Internal Revenue v. Sunnen, 331 U.S. 591, 597 (1948) (finding that "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year"). The refund was issued in error, and must be returned to the United States.

The taxpayers, in an attempt to get around the 1996 adjudication of their 1991 liabilities, assert that the signature represented as Mrs. Upton's on the stipulated decision

is not hers, but rather was signed by someone else, likely their Power of Attorney. This argument is factually irrelevant. The Uptons signed a Form 2848 on February 14, 1994, authorizing Roger Fetter to perform "any and all acts that (we) can perform with respect to the tax matters described in line 3, for example, *the authority to sign any agreements, consents or other documents*" with respect to the 1991 income tax year. See Exhibit C (emphasis added). Thus, even if the signature on the stipulated decision is that of Mr. Fetter, and not Alexandra Upton's, Mr. Fetter had the contractual authority to sign this document on his clients' behalf.[5] As a result, the Stipulated Decision entered by the Tax Court on October 18, 1996, remains fully binding on the parties, and the refund issued by the Internal Revenue Service was erroneous and must be returned.

---

[5] There has never been an assertion that Mr. Upton did not sign this document.

CONCLUSION

As established above, the United States is entitled to judgment as a matter of law in its favor in the amount of $11,504.95, plus statutory interest from May 24, 2003, as well as dismissal of the counterclaims.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                                  /s/ Lydia Bottome Turanchik
                                  LYDIA BOTTOME TURANCHIK
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Post Office Box 55, Ben Franklin Station
                                  Washington, D.C.  20044
                                  Telephone: (202) 307-6560

Certificate of Service

     It is hereby certified that a true copy of the above document was served on counsel of record by First Class Mail on October 15th, 2004.  This document may also be accessed via the Court's electronic filing system.

  /s/ Lydia Bottome Turanchik
Lydia Bottome Turanchik

Service List

Peter W. KortKamp
52 Babcock Street, #2
Brookline, Masschusetts 02446