UNITED STATES
TAX COURT

JAN 2 4 1996

## UNITED STATES TAX COURT

GORDON A. UPTON
ALEXANDRA R. UPTON

    Petitioners,

    v.

COMMISSIONER OF INTERNAL REVENUE,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

Docket No.

POSTMARK DATE    1/22/96

POSTMASTER DATE

HAND DELIVERED

## PETITION

The above-named Petitioners hereby petition for a redetermination of the deficiencies set forth by the Commissioner of the Internal Revenue in her Notice of Deficiency (Symbols - E:QAB:SN:KS) dated October 24, 1995 and as the basis of their case allege as follows:

    1.    Petitioners, GORDON A. UPTON and ALEXANDRA R. UPTON, are individuals, husband and wife, having their legal residence now at 2355 Hunter Mill Road, Vienna, Virginia 22181. Petitioners' Social Security Numbers are     2143 and      5303, respectively. Their joint individual income tax returns for the periods here involved were filed with the Office of the Internal Revenue Service at Andover, Massachusetts.


GOVERNMENT
EXHIBIT

2.    The Notice of Deficiency, a complete copy of which is attached and marked as Exhibit "A", was issued by the Internal Revenue Service at Baltimore, Maryland.

3.    The deficiencies as determined by the Commissioner of Internal Revenue are in income tax and additions to tax for the taxable year 1991 in the following amounts, all of which are in dispute:

| TAXABLE YEAR | TAX | ADDITIONS TO TAX |
|---|---|---|
| 1991 | $30,074.00 | IRC §6662(a) - $6,015.00 |

4.    The determination of tax and additions to tax as set forth in said Notice of Deficiency are based upon the following errors:

(a)    The Commissioner erroneously determined that Petitioner-wife is not entitled to her claimed expenses in the amount of $105,646.00 as originally reported on Schedule C, *Profit or Loss From Business (Sole Proprietorship)*, of Petitioner's return for the business known as Rollins and Associates for the taxable year 1991 with said expenses consisting of the following:

(i)     Advertising - $5,680.00;

(ii)    Car and Truck Expenses - $6,847.00;

(iii)   Insurance - $6,725.00;

(iv)    Legal and Professional - $7,173.00;

(v)     Office Expense - $30,073.00;

(vi)    Repairs and Maintenance - $8,545.00;

-2-

| (vii) | Supplies - $15,504.00; |
| (viii) | Travel - $12,294.00; |
| (ix) | Deductible Meals and Entertainment - $8,133.00; |
| (x) | Utilities - $4,672.00. |

(b)    The Commissioner erroneously determined that Petitioner-husband is not entitled to his claimed expenses in the amount of $32,357.00, as originally reported on Schedule C, *Profit or Loss From Business (Sole Proprietorship)*, of Petitioner's return for the business known as Gordon Upton for the taxable year 1991, with said expenses consisting of the following:

| (i) | Car and Truck Expenses - $7,797.00; |
| (ii) | Office Expense - $2,104.00; |
| (iii) | Supplies - $5,340.00; |
| (iv) | Travel - $6,954.00; |
| (v) | Deductible Meals and Entertainment - $5,982.00; |
| (vi) | Utilities - $1,502.00; |
| (vii) | Insurance - $2,678.00. |

(c)    Based on the foregoing, the Commissioner erroneously computed the amount of the Petitioner-wife's self employment tax from her business known as Rollins and Associates for the taxable year 1991.

(d)    Based on the foregoing, the Commissioner erroneously computed

-3-

the amount of Petitioner-husband's self employment tax from his business known as Gordon Upton for the taxable year 1991.

(e)    The Commissioner erroneously adjusted Petitioners' self employment tax deduction based on the aforementioned erroneous adjustments.

(f)    The Commissioner erroneously adjusted Petitioners' itemized deductions due to the aforementioned erroneous adjustments to the Petitioners' adjusted gross income.

(g)    The Commissioner erroneously determined that a portion of the deficiency, if any, was attributable to the negligent or intentional disregard of rules or regulations for the taxable year 1991.

(h)    The Commissioner erroneously failed to consider the deductible portion of health insurance premiums paid by the self-employed Petitioners. The total insurance premiums paid in 1991 were $3,237.30; 25% of which are deductible, or $809.33.

5.    The facts upon which the Petitioners rely as a basis for their case are as follows:

(a)    The Petitioner-wife has adequate supporting documentation to substantiate her claimed Schedule C Expenses in the total amount of $105,646.00 for the taxable year 1991.

(b)    The Petitioner-wife has adequate supporting documentation to substantiate her claimed Schedule C Expenses for the expenses previously listed in Section 4(a) of this Petition.

(c)    Petitioner-husband has adequate supporting documentation to substantiate his claimed Schedule C Expenses in the total amount of $32,357.00 for the taxable year 1991.

(d)    The Petitioner-husband has adequate supporting documentation to substantiate his claimed Schedule C Expenses for the expenses previously listed in Section 4(b) of this Petition.

(e)    Petitioners have adequate supporting documentation to substantiate that the earnings from Petitioners' respective businesses for the 1991 taxable year are not subject to additional self-employment taxes.

(f)    Petitioners have adequate supporting documentation to substantiate the aforementioned expenses, thus rendering any adjustments to itemized deductions due to adjusted gross income adjustments and limitations to be erroneous.

(g)    To the extent that said deficiency exists, none of said deficiency is based upon the negligent or intentional disregard of rules and regulations.

(h)    Petitioners are entitled to an Adjustment to Income for the Self-Employed Health Insurance Deduction in the amount of $809.33.

WHEREFORE, Petitioners pray that this Court determine that Petitioners are not liable for any deficiencies in income tax or additions to tax for the year set forth herein.

Dated: January ____, 1996

By: _____

GORDON A. UPTON

Petitioner

_____

ALEXANDRA R. UPTON

Petitioner

(703) 242-6730

Telephone

-6-